UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

TIMOTHY WERNER,

    Plaintiff

v.

GOOGLE, INC.,
d/b/a Android,
a Delaware corporation,

    Serve: Registered Agent
    Corporation Service Co.
    1111 E. Main St., 16th Floor
    Richmond, VA 23219

    Defendant.

Civil Action No.:

2:15cv133

FILED
MAR 31 2015

## COMPLAINT

COMES NOW the Plaintiff, Timothy Werner ("Plaintiff" or "Mr. Werner"), by counsel, and as and for his Complaint against the Defendant Google, Inc. ("Defendant" or "Google"), states and alleges as follows:

### Jurisdiction and Venue

1.    This Court has diversity jurisdiction under 28 U.S.C. § 1332, as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and fees.

2.    Venue is proper in this District and Division under 28 U.S.C. § 1391 (a) and (b) because a substantial number of the events or omissions giving rise to this claim arose within this District and Division and because Defendant is subject to jurisdiction in this District and Division.

## Parties

3. Plaintiff is a natural person and a resident of the City of Norfolk, Virginia.

4. Defendant is a corporation organized under the laws of the State of Delaware with its primary place of business being located in California. Defendant maintains an office in Reston, Virginia within this District and regularly does business within the Commonwealth of Virginia.

## Facts

5. Google is one of the world's largest technology companies. Beginning in the late 1990s as a search engine website, Google has expanded into almost every facet of the internet and technological realms, in large part through the acquisition of existing internet and/or technological companies.

6. In approximately 2005, Google purchased Android, Inc. which, at the time, was a relatively small company engaged in the development of a mobile telephone operating system.

7. Upon information and belief, Google has wholly subsumed Android, Inc. Currently, "Android" exists as a brand under which Google does business and as the name of various mobile operating system software platforms Google has developed and markets for use in, *inter alia*, mobile telephones, tablet computers, televisions, automobiles and wearable devices.

8. Upon information and belief, Google's Android is the most popular mobile operating system in the world.

9. Plaintiff is an adjunct professor of computer sciences at Old Dominion University ("ODU") and an employee of the City of Norfolk.

10. In or about February of 2015, Google introduced an approximately sixty-second television commercial for Android titled, upon information and belief, "Handshake." The commercial, referred to herein as the "Android Commercial," features a montage of footage of

professional basketball players, amateur athletes and various other persons successfully executing intricate and/or choreographed handshakes, fist bumps and/or similar celebratory acts in tandem or in groups set to upbeat "classic hip hop" background music.

11. Plaintiff appears in the Android Commercial beginning at approximately 0:43 seconds. In contrast to the other persons depicted in the Android Commercial, Plaintiff appears confused by the attempt of another individual to engage him in an elaborate "fist bump" and throws up his hands in apparent frustration and/or confusion.

12. The context of Plaintiff's depiction in the Android Commercial appears calculated to use him as comic relief and to portray him as awkward and worthy of ridicule in comparison to the persons depicted in the remainder of the Android Commercial.

13. Upon information and belief, the footage of Plaintiff in the Android Commercial originated in a hidden camera "prank" video filmed on the ODU campus in or about August of 2014 and uploaded to www.youtube.com ("YouTube") by a Norfolk-area teenager holding himself out as "Trey Prankz" on or about August 30, 2014.

14. Upon information and belief, Google owns YouTube.

15. In the original video as uploaded to YouTube on or about August 30, 2014 and entitled "Awkward Fist Bumping," upon information and belief the individual holding himself out as "Trey Prankz" caused himself to be videoed by either a stationary hidden camera or by a hidden associate with a camera accosting unwitting strangers on the campus of ODU and asking for directions. Upon the receipt of the requested directions, he would then attempt to engage the strangers in an elaborate fist bump routine for the purpose of filming their reactions. Plaintiff was one of the unwitting strangers depicted in the original video.

16. The Android Commercial features an edited and shortened version of Plaintiff's interaction with "Trey Prankz" from the August 30, 2014 video upload focusing on his apparent confusion and depicting him as unable to engage in the fist-bump routine instigated by "Trey Prankz." Further, Plaintiff's footage in the Android Commercial appears to have been edited to remove a banner with an ODU logo visible in a window in the background of the original video upload.

17. At no time has Plaintiff given any consent for any use, commercial or otherwise, of video footage of his encounter with "Trey Prankz" to any person or entity including, but not limited to, Google and/or the individual holding himself out as "Trey Prankz."

18. Plaintiff did not know that his encounter with "Trey Prankz" was filmed and did not know that he had been the victim of a prankster until the Android Commercial began airing and he began to receive questions about it both at work and in his personal life.

19. Upon information and belief, the Android Commercial featuring Plaintiff has aired extensively nationwide, including in the Hampton Roads media market, during "prime time" television programming, including the broadcast of the Academy Awards, as well as during sporting events on weekend afternoons and evenings. Accordingly, it has been viewed by millions of people nationwide, including in Hampton Roads.

20. Aside from the total lack of consent on his part, Plaintiff in no way knowingly placed himself in a position such that it could be reasonably anticipated that he would be featured as comic relief in a national television commercial for one of the world's largest corporations.

21. Plaintiff does not want to be depicted in the Android Commercial and does not consent to Google's use of his image in any manner, whether for commercial, trade or other purposes.

22. Google has knowingly used Plaintiff's picture for advertising purposes without written consent.

23. Plaintiff has suffered embarrassment and humiliation as well as a loss of dignity and invasion of privacy as a result of Google's knowing and unauthorized use of his image in the Android Commercial. Plaintiff continues to suffer embarrassment and humiliation as well as a loss of dignity and ongoing invasion of privacy as the Android Commercial continues to be shown on television and on the internet.

24. Upon information and belief, Google has profited, and continues to profit, from its knowing and unauthorized use of video footage of Plaintiff.

## Count I—Injunctive Relief under Va. Code § 8.01-40

25. Plaintiff respectfully incorporates by reference the factual allegations of Paragraphs One through Twenty-Four as if set out in full herein.

26. Va. Code § 8.01-40 prohibits the unauthorized use of a person's picture for advertising purposes without having first obtained written consent from that person. It further provides than an aggrieved person may maintain a suit in equity to prevent and restrain such unauthorized use.

27. Google's unauthorized use of Plaintiff's picture in the Android Commercial without having first obtained written consent constitutes a violation of Va. Code § 8.01-40.

28. Plaintiff will continue to suffer irreparable dignitary harm so long as the Android Commercial as featuring his image continues to be shown on television and available on the internet.

29. There exists little likelihood of irreparable harm to Google if it is restrained from continuing to depict Plaintiff for advertising purposes.

30. Google has plainly used Plaintiff's picture for advertising purposes without first obtaining his written consent, accordingly, Plaintiff has a high likelihood of prevailing on the merits.

31. The public interest is best promoted by restraining one of the world's largest corporations from exploiting a non-consenting and unwitting private individual by holding him out for mockery and ridicule simply for commercial gain.

32. Injunctive relief restraining Google from continuing to use Plaintiff's image in its advertising is appropriate and warranted.

### Count II—Violation of Va. Code § 8.01-40 (Statutory Invasion of Privacy)

33. Plaintiff respectfully incorporates by reference the factual allegations of Paragraphs One through Twenty-Four as if set out in full herein.

34. Google has used, and continues to use, Plaintiff's picture for advertising purposes.

35. Google's use of Plaintiff's picture for advertising purposes is unauthorized and without prior written consent.

36. Google knowingly used, and knowingly continues to use, Plaintiff's picture for advertising purposes without prior written consent.

37. Plaintiff is entitled to recover damages for his injuries sustained by reason of such use under Va. Code § 8.01-40.

38. Since Google's use of Plaintiff's picture is and was knowingly, Plaintiff is further entitled to recover exemplary damages under Va. Code § 8.01-40.

### Count III—Unjust Enrichment

39. Plaintiff respectfully incorporates by reference the factual allegations of Paragraphs One through Twenty-Four as if set out in full herein.

40. Google has used footage of Plaintiff without authorization or consent in a nationwide television commercial.

41. Upon information and belief, Google has benefited and will continue to benefit from its unauthorized use of footage of Plaintiff in the Android Commercial.

42. Such benefit has been knowingly.

43. Google has accepted and will continue to accept the benefit gained by its unauthorized use of footage of Plaintiff in the Android Commercial.

44. It is inequitable for Google to retain the benefit conferred through its unauthorized use of footage of Plaintiff in the Android Commercial without compensating Plaintiff for its value.

## Count IV-Violation of the Virginia Consumer Protection Act

45. Plaintiff respectfully incorporates by reference the factual allegations of Paragraphs One through Twenty-Four as if set out in full herein.

46. Through its unauthorized use of Plaintiff's image in the Android Commercial, Google has deceived and confused the public, including persons who know or recognize Plaintiff as an adjunct computer sciences professor, into believing that he has authorized the use of his image and/or endorsed Android.

47. Va. Code 59.1-200 (A) (2) prohibits "[m]isrepresenting the source, sponsorship, approval, or certification of goods or services."

48. Google has violated the Virginia Consumer Protection Act by, *inter alia*, misrepresenting Plaintiff's sponsorship, approval or certification of Android by using his image without authorization or consent.

49. Such violation is and continues to be willful.

50. Plaintiff is entitled to relief under the Virginia Consumer Protection Act including, but not limited to, triple his actual damages and his reasonable attorney's fees and costs.

WHEREFORE, the Plaintiff, Timothy Werner, by counsel, prays that this honorable Court grant judgment in her favor and against the Defendant, Google, Inc. including, but not limited to:

a. Preliminary and permanent injunctive relief;

b. actual and exemplary damages under Va. Code § 8.01-40;

c. compensation for the value of the benefit conferred upon Google through its unjust enrichment;

d. treble damages under the Virginia Consumer Protection Act;

e. his attorney's fees and costs;

f. such other relief as may be deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: March 30, 2015                                                          Respectfully submitted:

_____
Steven B. Wiley (VSB No. 47531)
WILEY LAW OFFICES, PLLC
440 Monticello Ave., Suite 1817
Norfolk, Virginia 23510
PH: (757) 955-8455
FX: (757) 319-4089
swiley@wileylawoffices.com

_____
Todd M. Gaynor (VSB No. 47742)
GAYNOR LAW CENTER, P. C.
440 Monticello Ave., Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (757) 257-3674
tgaynor@gaynorlawcenter.com
*Attorneys for Plaintiff*